OPINION OF THE COURT
 

 GIBBONS, Circuit Judge.
 

 The provisions for granting debtors exemptions under the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101
 
 et seq.
 
 (the Code), create potentially complex interrelationships between federal and state law. In this case, we must determine the application of a Code exemption provision to property held in tenancy by the entirety in light of the common law of Pennsylvania. Despite a plausible argument by Gary T. Na-potnik (the debtor) seeking to avoid certain judicial liens on allegedly exempt property, we conclude that the language of the Code compels an affirmance of the bankruptcy court’s decision denying that relief.
 

 I.
 

 On July 11, 1980, the debtor filed a voluntary petition for relief under Chapter 7 of the Code. 11 U.S.C. § 701
 
 et seq.
 
 On his Schedule B, Statement of All Property of the Debtor, he listed three contiguous parcels of real property located in Butler County, Pennsylvania. This property, which according to the debtor has a market value of $180,000, is owned by him as a tenant by the entirety with his spouse, Carol Napot-nik, who did not join in his petition for relief. Debtor’s Schedule A-2, Creditors Holding Security, reveals that portions of the property are subject to first mortgages totalling $60,000 held by a savings and loan association. These mortgage liens are undisputed and not at issue.
 

 Schedule A-2 also lists two judgment liens on all the real property. One of these liens, held by appellee Equibank, is the subject of this appeal.
 
 [1]
 
 This lien was obtained
 
 *318
 
 by Equibank when it filed a judgment by confession against debtor and his wife in Butler County on June 1, 1978, on a note executed a few days earlier by both of them. In Pennsylvania, the entry of such a judgment note results in a lien upon all real property of the debtor or debtors in the county of filing.
 
 [2]
 
 This court has recently ruled that such a lien is a judicial lien, subject to avoidance under Section 522(f) of the Code.
 
 In re Ashe,
 
 669 F.2d 105, 108-09 (3d Cir. 1982).
 

 On Schedule B^4, Property Claimed as Exempt, the debtor claimed the entire value of the three parcels of real property as exempt pursuant to Section 522(b)(2)(B) and thereafter sought to avoid Equibank’s lien pursuant to Section 522(f). Equibank objected both to the claimed exemption and to any avoiding of its lien. On the basis of stipulations of fact, after briefs and oral argument, the bankruptcy court ruled that Equibank’s lien could not be avoided because the debtor could exempt only his ownership equity in the property above the liens of creditors of both debtor and his wife. Upon agreement of the parties, the debtor has appealed directly to this court.
 
 [3]
 

 II.
 

 The debtor’s estate includes, with exceptions not here relevant, “all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(a). This definition is certainly broad enough to include an individual debt- or’s interest in property held as a tenant by the entirety. Any doubts about congressional intent in this respect are resolved by a reading of the exemption provisions of the Code.
 
 [4]
 
 Section 522(b)(2) provides that,
 

 [notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...
 

 (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonban-kruptcy law.
 

 11 U.S.C. § 522(b)(2). Though there may be, as we shall see, some question as to what Congress meant to be exempted by Section 522(b)(2)(B), it is at least clear that by allowing an individual debtor to exempt certain interests as a tenant by the entirety, Congress intended that such interests be included in the estate in the first place.
 
 [5]
 

 The outcome of this case depends upon the interpretation to be given the final phrase of Section 522(b)(2)(B): “to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law.” Since property law in general and the law of co-tenancies in particular are creatures of state law, the “applicable nonbankruptcy law” is the applicable Pennsylvania law of tenancy by the entirety.
 

 Before discussing Pennsylvania law, one further point of federal bankruptcy law interpretation should be made. The words
 
 *319
 
 “exempt from process” should not be read to include only the particular exemptions specifically allowed debtors by state law. Section 522(b)(2)(A) already refers to such exemptions, and thus Section 522(b)(2)(B) would be a redundancy unless “exempt from process” meant “immune from process.”
 
 [6]
 
 The latter subsection was written to allow the debtor to exempt an interest in entireties property that could not, in a sense to be discussed shortly, be reached by creditors.
 

 The debtor claims that all his interest in the property he and his wife own as tenants by the entirety is exempt or immune from process under Pennsylvania law and thus may be exempted from his estate. He then argues that Section 522(f)(1) entitled him to avoid the judicial liens upon that exempt property.
 
 [7]
 
 Thus in order to determine the extent of the debtor’s exemption and the availability of Section 522(f) relief, we must turn to Pennsylvania law respecting the rights of tenants by the entirety.
 

 III.
 

 The common law of Pennsylvania retains many features of the traditional form of concurrent ownership of property known as tenancy by the entirety.
 
 [8]
 
 While it is no longer true that husband and wife are considered one legal entity or that the husband has exclusive control over the property, it is still the case that when husband and wife own property as tenants by the entirety, they are each considered to be seized of the undivided whole and not by the share (“per tout et non per my”). Thus, until the end of the marriage (by divorce or death of one spouse), neither spouse may compel partition nor sever the entirety property by a unilateral conveyance nor affect the survivorship interest of the other spouse.
 
 Shapiro v. Shapiro,
 
 424 Pa. 120, 224 A.2d 164 (1966);
 
 Madden v. Gosztonyi Savings & Trust Co.,
 
 331 Pa. 476, 200 A. 624 (1938);
 
 Biehl v. Martin,
 
 236 Pa. 519, 84 A. 953 (1912).
 

 More to the point of this dispute, creditors of either spouse cannot acquire by judgment an enforceable lien on entirety property, or title therein by sale or execution.
 
 Amadon v. Amadon,
 
 359 Pa. 434, 59 A.2d 135 (1948). At most, a creditor of either spouse may obtain a presently unenforceable lien upon that spouse’s expectancy of
 
 survivorship
 
 — a lien that becomes enforceable only when the other spouse dies. This proposition has been said to be the chief distinguishing characteristic of an estate by the entirety, “which exempts it from the ordinary legal process to which all other estates are subject.”
 
 Biehl v. Martin, supra,
 
 236 Pa. at 522, 84 A. at 954.
 

 Section 70 of The Bankruptcy Act of 1898, as amended, described the property of the debtor, title to which was deemed to vest in the trustee as of the date of filing the petition. Section 70(a)(5) gave the trustee title to “property, including rights of action, which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: ...” A debtor’s interest in entirety property in Pennsylvania was held not to come into the estate be
 
 *320
 
 cause his creditors could not levy upon it or sell it under judicial process.
 
 Wylie v. Zimmer,
 
 98 F.Supp. 298 (E.D.Pa.1951).
 

 There were, however, cases under the 1898 Act that permitted title to entirety property to pass to the trustee when
 
 both
 
 husband and wife had been adjudicated bankrupts and their estates had been consolidated under the administration of one trustee.
 
 In re Pennell,
 
 15 F.Supp. 743 (W.D.Pa.1935);
 
 In re Carpenter,
 
 5 F.Supp. 101 (M.D.Pa.1933). The reason given in the
 
 Carpenter
 
 case for allowing the trustee to take title was the existence of joint debts evidenced by two jointly confessed judgments which would admittedly have warranted sale of the entirety property under judicial process, had bankruptcy not occurred.
 

 The existence of the possibility of levy and execution upon entirety property by a creditor having a judgment against both spouses on a joint debt is relied upon by Equibank and the bankruptcy court to deny the debtor’s claimed exemption. It is not disputed that in Pennsylvania entirety property may be reached by creditors to satisfy the joint debts of husband and wife.
 
 Consumers Time Credit, Inc. v. Remark Corp.,
 
 248 F.Supp. 158 (E.D.Pa.1965);
 
 Swope v. Turner,
 
 193 Pa.Super. 217, 163 A.2d 714 (1960);
 
 Arch Street Building & Loan Ass’n v. Sook,
 
 104 Pa.Super. 269, 158 A. 595 (1932). In this respect at least, such property is not exempt from process in Pennsylvania. Thus the bankruptcy court concluded that the debtor’s interest in entirety property — to the extent it was subject to a judgment against both the debtor and his spouse on a joint debt — could not qualify for exemption under Section 522(bX2)(B).
 
 [9]
 
 Only the debtor’s equity above the judicial liens could so qualify.
 

 We find no error in the bankruptcy court’s discussion of Pennsylvania law concerning creditors’ rights with respect to entirety property. The debtor claims that the bankruptcy court erred, however, in its implicit conclusion that not only is the entirety property subject to process, but also the debtor’s own interest in that property is subject to process.
 

 If creditors on a joint debt may levy and execute upon the property itself, then it does seem to follow that each co-owner’s interest in that property is subject to process. There are cases, however, including a Fourth Circuit decision, that view the issue differently. In
 
 In re Ford,
 
 3 B.R. 559, 575-76 (Bkrtcy.D.Md.1980),
 
 aff’d on opinion of bankruptcy court, Greenblatt v. Ford,
 
 638 F.2d 14 (4th Cir. 1980), the court stated that under Maryland’s law of tenancy by the entirety (apparently identical to that of Pennsylvania in respects relevant to this case), the debtor’s individual undivided interest
 

 alone is not subject to the claim of either individual creditors of Mr. Ford or joint creditors of both Mr. Ford and his wife... . With regard to joint creditors of both Mr. Ford and his wife, they could have levied upon and sold only the entire-ties property consisting of the entire, combined, and unsevered interests, as a unity, of both Mr. and Mrs. Ford, but could not have levied upon or sold either Mrs. Ford’s individual undivided interest or Mr. Ford’s individual undivided interest. In order for joint creditors to execute upon entireties property, the husband’s interests must be joined with the interests of the co-tenant wife. As a result, the debtor’s interest in entireties property, standing alone, is unavailable to the joint creditor. Therefore, the interest of the debtor in tenancy by the entire-ties property which became an asset of the estate is exempt from process under Maryland law.
 

 See also In re Phillos,
 
 14 B.R. 781, 783 (Bkrtcy.W.D.Va.1981);
 
 In re Woodard,
 
 13 B.R. 105, 107 (Bkrtcy.E.D.N.C.1981).
 

 It is indeed the case that Section 522(bX2)(B) refers to exemption of the debtor’s own interest as a tenant by the entirety to the extent that “such” interest
 
 *321
 
 is immune from process. Moreover a creditor of the debtor alone may not levy upon the debtor’s individual undivided interest since his interest is immune from process. And because of the nature of entirety property, it may well be true that
 
 no
 
 creditor may levy upon his interest alone while leaving the spouse’s interest intact.
 
 [10]
 
 However, we hold that a creditor with a joint judgment on a joint debt may levy upon the property itself and thus upon the interests of both spouses. There would seem to be no reason why such a creditor would want to levy upon the interest of only one spouse when levy and sale may be had with respect to both. Because the interests of both are available to the creditors of both, the debt- or’s interest is not unavailable and thus not “exempt from process” under the law of Pennsylvania.
 
 Accord, In re Lausch,
 
 16 B.R. 162 (M.D.Fla.1981);
 
 In re Trickett,
 
 14 B.R. 85 (Bkrtcy.W.D.Mich.1981);
 
 In re Koehler,
 
 6 B.R. 203 (Bkrtcy.M.D.Fla.1980).
 

 IV.
 

 Returning briefly to federal law, we consider a final argument offered by Mary L. Hackett and Consumers Education and Protective Association, Inc.,
 
 amici curiae
 
 in this case, about the meaning of Section 522(b)(2)(B). As they point out, in 1980 both the House and Senate considered a series of amendments to the Code that included the following change in Section 522(b):
 

 (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate.. .
 

 (2) any property or interest of the debtor in property, as of the date of the filing of the petition, to the extent that such property or interest in property is exempt or not subject to process or levy under Federal law, other than subsection (d) of this section, or is exempt or not subject to levy by a creditor, of only the debtor, on a simple contract whether or not such a creditor exists, under State or local law that is applicable on the date of the filing of the petition at the place in which the debtor’s domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place.
 

 126 Cong.Rec. S 15163 (daily ed. Dec. 1, 1980); 126 Cong.Rec. H 9293 (daily ed. Sept. 22, 1980). Although the amendments were not passed for reasons unrelated to this particular change, the proposed new language apparently would have allowed one in the debtor’s position to exempt that part of his entirety interest subject to claims of creditors on a joint debt.
 
 [11]
 

 Whether this proposed amendment represented a substantive change in the law or merely a clarification of an unarticulated congressional intent, as the
 
 amici
 
 argue, we are constrained to give effect to the statutory language actually enacted.
 
 [12]
 
 If Congress has mistakenly disguised its actual intent by incorporating language pointing in a different direction, it is not up to us to rewrite the statute unless, perhaps, a literal reading produces a truly absurd result.
 
 See Holy Trinity v. United States,
 
 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892).
 

 V.
 

 Since this debtor’s interest in the real property owned with his wife as tenants by the entirety is not exempt from process in Pennsylvania because they are joint obli-gors, he is not entitled to exempt that portion of his equity subject to Equibank’s
 
 *322
 
 judicial lien, and cannot avoid that lien under Section 522(f). The order appealed from will be affirmed.
 

 [1]
 

 . Schedule A-2 lists a second judgment lien held by P.V. Consumer Discount, obtained in approximately August of 1979, in the amount of $10,000. Although this lien is also mentioned by the bankruptcy court in its opinion, Appendix to Briefs, 67a, both debtor’s Complaint to Avoid Judicial Liens, Appendix, 38a, and debtor’s brief to this court, p. 2, refer instead to Parkvale Savings Association as the holder of the second judicial lien. Debtor’s brief also asserts that Parkvale (listed on Schedule A-l and mentioned by the bankruptcy court as the holder of the first mortgages) failed to answer debtor’s Complaint and that
 
 *318
 
 the bankruptcy court entered an order avoiding its lien. This appeal concerns only the Equi-bank judgment lien.
 

 [2]
 

 .
 
 See
 
 Pa.Rules Civ.P. 2951(a), 42 Pa.Cons.Stat. Ann. (Purdon 1975); 42 Pa.Cons.Stat.Ann. § 4303 (Purdon 1981).
 

 [3]
 

 . The appeal is taken pursuant to Pub.L.No.95-598, Title IV, § 405, 92 Stat. 2685 (1978).
 

 [4]
 

 . Further evidence is found in Section 363(h), which allows the trustee in bankruptcy to “sell both the estate’s interest ... and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a ... tenant by the entirety” if certain conditions are met. See also the analysis of legislative history found in
 
 In re Ford,
 
 3 B.R. 559, 566-68 (Bkrtcy.D.Md.1980),
 
 aff’d on opinion of bankruptcy court, Greenblatt v. Ford,
 
 638 F.2d 14 (4th Cir. 1981).
 

 [5]
 

 . Nearly all decisions of bankruptcy courts and of federal courts reviewing bankruptcy courts are in accord.
 
 E.g., In re Ford, supra; In re Lausch,
 
 16 B.R. 162 (M.D.Fla.1981);
 
 In re Trickett,
 
 14 B.R. 85 (Bkrtcy.W.D.Mich.1981);
 
 In re Barsotti,
 
 7 B.R. 205 (Bkrtcy.W.D.Pa.1980);
 
 In re Shaw,
 
 5 B.R. 107 (Bkrtcy.M.D.Tenn.1980).
 
 But see In re Jeffers,
 
 3 B.R. 49 (Bkrtcy.N.D.Ind.1980).
 

 [6]
 

 .
 
 See In re Ford, supra; In re Lunger,
 
 14 B.R. 6 (Bkrtcy.M.D.Fla.1981);
 
 In re Dawson,
 
 10 B.R. 680 (Bkrtcy.E.D.Tenn.1981),
 
 aff'd Ray v. Dawson,
 
 14 B.R. 822 (E.D.Tenn.1981);
 
 In re Thacker,
 
 5 B.R. 592 (Bkrtcy.W.D.Va.1980).
 

 [7]
 

 . Section 522(f) provides:
 

 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
 

 (1) a judicial lien: ...
 

 ll U.S.C. § 522(f).
 

 [8]
 

 . For discussions of the law of entirety property in general and in Pennsylvania, and of the relationship between entirety law and the former Bankruptcy Act, see 2
 
 American Law of Property,
 
 § 6.6 (1952 & Supp.1976); Note,
 
 The Power in
 
 a Husband
 
 and Wife Holding Property by the Entirety,
 
 59 Dick.L.Rev. 356 (1955); Craig,
 
 An Analysis of Estates by the Entirety in Bankruptcy,
 
 48 Am.Bankr.L.J. 255 (1974); Note,
 
 The Effect of Bankruptcy on Estates by Entireties,
 
 89 U.Pa.L.Rev. 1073 (1941).
 

 [9]
 

 . The court’s reasoning is disclosed in an opinion filed the same day, to which cross reference was made.
 
 In re Cipa,
 
 11 B.R. 968 (Bkrtcy.W.D.Pa.1981).
 

 [10]
 

 . We are not aware of any Pennsylvania case in which a creditor on a joint debt has attempted to levy upon the interest of only one spouse. Neither was any Maryland case involving such an attempt cited by the
 
 Ford
 
 court.
 

 [11]
 

 . In response, Equibank directs our attention to a more recent attempt by the Senate to amend the Code that includes many of the same changes, but omits entirely any amendment of Section 522(b), 127 Cong.Rec. S 7897 (daily ed. July 17, 1981).
 

 [12]
 

 . We need not decide at this time how the language of Section 522(b)(2)(B) would apply in a case where the debtor had no actual creditors on a joint
 
 debt
 
 — i.e., whether a court should consider immunity from hypothetical as well as actual creditors on joint debts.