**In re Murray BEITMAN, Debtor.**

**Lawrence A. BOTTARO, t/d/b/a Lawrence A. Bottaro, Contractor, Plaintiff,**

v.

**Murray BEITMAN, Defendant,**

v.

**Penny S. BEITMAN, Third Party Defendant.**

Civ. A. No. 1–82–1132.

United States District Court, M.D. Pennsylvania.

Nov. 2, 1982.

Charles E. Schmidt, Jr., Harrisburg, Pa., for plaintiff.

Walter K. Swartzkopf, Jr., Harrisburg, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

The plaintiff, Lawrence Bottaro, is a general contractor who constructed a home for the defendants, husband and wife, at 4214 Lisa Drive, Harrisburg, Pennsylvania. Upon completion in May of 1981, the defendants were unable to pay the full amount owed the plaintiff and executed as security a demand note in plaintiff's favor in the amount of $6,900.00 at 16% interest. Before payment was made on the note, the defendant, Murray Beitman individually, filed a petition in bankruptcy.[1] On schedule A–2, the defendant listed the joint debt to the plaintiff in the amount of $7,000.00 as an unsecured claim without priority. The marital residence at 4214 Lisa Drive was listed as an asset of the estate, but was claimed as exempt under Section

522(b)(2)(B) of the Bankruptcy Code and 42 Pa.C.S. §§ 8123 and 8124 of the Pennsylvania Judicial Code.

On August 6, 1982, the Bankruptcy Court modified its order of discharge as follows:

[T]he discharge of Murray Beitman is hereby modified to allow unsecured creditors to whom Murray Beitman and Penny S. Beitman are jointly liable, to seek judgment by state court proceedings against Murray Beitman and Penny S. Beitman, and to enforce any judgment so obtained against property in which Murray Beitman has an interest as tenant by the entirety, to the extent provided by the Law of Pennsylvania, without restraint by this Court. No judgment obtained against Murray Beitman shall establish or impose personal liability on him beyond his interest in such property held as tenant by the entirety.[2]

Defendants have appealed this order contending that Murray Beitman's discharge relieved him of his share of the joint debt and that creditors should not be permitted effectively to revive the debt by proceeding against entireties' property in state court.

We believe the Bankruptcy Judge acted properly. It is clear initially that the marital residence could not be properly claimed as an exemption pursuant to 11 U.S.C. § 522(b)(2)(B). That section provides for exemption of

any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.*

(Emphasis added). The language thus does not broadly exempt a debtor's marital resi-

1. The defendant filed his petition on August 21, 1982. Apparently, the plaintiff made demand on his note earlier in the same month, but the check with which he was paid was dishonored for insufficient funds.

2. The August 6, 1982, order was issued to clarify an order of August 3, 1982, inconsistent in effect, in which the court permitted unsecured

creditors to proceed in state court against entireties property on joint debts. The court, however, also stated that Murray Beitman's personal obligation to the plaintiff was discharged, that the discharge was to remain unimpaired, and that no judgment obtained against Murray Beitman was to impose personal liability on him.

dence, but specifically predicates the exemption upon immunity from process. In the recent case of *Napotnik v. Equibank and Parkvale Sav. Assn'n.,* 679 F.2d 316 (3d Cir.1982), the court pointed out that entirety property may be reached in Pennsylvania to satisfy the joint debts of husband and wife and thus is not immune from process. *Id.* at 320, citing *Consumers Time Credit, Inc. v. Remark Corp.,* 248 F.Supp. 158 (E.D. Pa.1965); *Swope v. Turner,* 193 Pa.Super. 217, 163 A.2d 714 (1960); *Arch Street Building & Loan Ass'n. v. Sook,* 104 Pa.Super. 269, 158 A. 595 (1932). The court went on to hold that a creditor with a joint judgment on a joint debt may levy on the property itself and thus on the interests both of the debtor and his spouse, 679 F.2d at 321. *Napotnik* thus permits a judgment creditor to proceed against entireties property on a joint debt, even in situations in which only one spouse has filed a petition in bankruptcy.

We believe it is thus appropriate to allow the plaintiff to proceed against the entireties property in state court. The property was never properly the subject of an exemption in respect to joint debts of Mr. and Mrs. Beitman. We refuse to insulate the property from the plaintiff's claims by virtue of Mr. Beitman's discharge, for, by doing so, we would preserve the technical integrity of discharge at considerable cost to the broader purposes of the Bankruptcy Code. In *Phillips v. Krakower,* 46 F.2d 764 (4th Cir.1931), the Court said

> The purpose of the bankruptcy act was to equitably distribute the assets of distressed debtors among their creditors and to discharge them from further liability after this had been done. It was never contemplated that it should be used to perpetrate fraud or to shield assets from creditors.

*Id.* at 765. We will not shield from creditors property which is properly subject to their claim and will, therefore, affirm the order of the bankruptcy judge.