BOYCE F. MARTIN, Jr., Circuit Judge.
This is an appeal from the district court’s affirmance of an order of discharge in the bankruptcy court. The case concerns the proper substantive law and procedure applicable to tenancies by the entirety in bankruptcy cases. We reverse and remand.
On August 13, 1981, Terry Grosslight and his wife, Sandra Grosslight, executed a promissory note in the amount of $41,-666.60 in favor of Liberty State Bank & Trust. The Grosslights were jointly and severally liable on the note. It appears that little if any of the principal was ever repaid.
On March 31, 1982, Liberty brought a civil action in Oakland County Circuit *775 Court, Michigan, for payment of the note. On March 1, 1983, Terry Grosslight filed a petition in bankruptcy. The state court action was automatically stayed and apparently remains pending.
On March 25, 1983, Liberty filed an adversary proceeding in bankruptcy court asking the court to lift the automatic stay and allow it to proceed with its case in state court, where it hoped to reach Sandra Grosslight’s individual property and the Grosslights’ entireties property. On December 8, 1983, after briefing by the parties and a hearing, the bankruptcy court filed an opinion and order denying the relief requested and ordering the debtor discharged.
Liberty timely appealed to the district court, and on February 17, 1984, the district judge affirmed the bankruptcy court from the bench. The present appeal resulted.
Michigan is among the minority of states retaining the common law tenancy by the entirety. Tenants by the entirety, who must be husband and wife, hold under a single title with right of survivor-ship. Neither husband nor wife acting alone can alienate any interest in the property, nor can the creditors of one levy upon the property; but their joint creditors can reach entireties property. See Sanford v. Bertrau, 204 Mich. 244, 169 N.W. 880 (1918).
Under the Bankruptcy Act of 1898, 11 U.S.C. § 24 (repealed 1979), and the prior Bankruptcy Act of 1867, property generally exempted by state law from the claims of creditors formed no part of the assets in bankruptcy, and only a state court would have jurisdiction over claims against exempt assets. Lockwood v. Exchange Bank, 190 U.S. 294, 298-99, 23 S.Ct. 751, 753, 47 L.Ed. 1061 (1903). In the interests of equity, a bankruptcy court would in appropriate cases stay the discharge so a creditor could proceed against the debtor in state court. Id. at 300, 23 S.Ct. at 754. This was the procedure taken by joint creditors when a debtor with entireties property filed for bankruptcy. Phillips v. Krakower, 46 F.2d 764 (4th Cir.1931). A joint creditor who failed to obtain a stay of the discharge would thereafter be barred by the discharge from proceeding against the entireties property. Harris v. Manufacturers National Bank, 457 F.2d 631 (6th Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 118, 34 L.Ed.2d 142 (1972); Fetter v. United States, 269 F.2d 467 (6th Cir.1959).
Under the Bankruptcy Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549 (codified as amended in 11 U.S.C. and scattered sections of 28 U.S.C.), all the debtor’s property is brought into the bankruptcy estate by 11 U.S.C. § 541(a), which reads in relevant part:
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debt- or in property as of the commencement of the ease.
(2) All interests of the debtor and the debtor’s spouse in community property as of the commencement of the case that is—
(A) under the sole, equal, or joint management and control of the debtor; or
(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor’s spouse, to the extent that such interest is so liable.
It is now established law that this provision brings entireties property into the bankruptcy estate. See Chippenham Hospital v. Bondurant, 716 F.2d 1057, 1058 (4th Cir.1983); Napotnik v. Equibank & Park-vale Savings Association, 679 F.2d 316, 318 (3d Cir.1982); In re Trickett, 14 B.R. 85, 88-89 (Bankr.W.D.Mich.1981); In re Ford, 3 B.R. 559, 564-71 (Bankr.D.Md. 1980) (en banc), aff'd on the opinion of the *776 bankruptcy court sub nom. Greenblatt v. Ford, 638 F.2d 14 (4th Cir.1981).
The debtor may be able to exempt the entireties property under 11 U.S.C. § 522(b). At the time this case was filed, that provision read in full:
(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
(2) (A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor’s domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and
(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.
If not specifically exempted, the debtor’s interest in the entireties property may be sold pursuant to 11 U.S.C. § 363(h) — (j).
Under Michigan law, ordinary creditors cannot reach interests in entireties property, and the entire interest will therefore be exempt if there are no joint creditors. Joint creditors, however, can reach entireties interests, subject only to the $3,500 homestead exemption in Mich. Const, art. 10, § 3.
The circuits have split on the question whether entireties property is exempt from joint creditors under 11 U.S.C. § 522(b)(2)(B). The Third Circuit has held that a creditor with a judgment on a joint debt may levy upon the property itself and thus on the interests of both spouses. The debtor’s interest in that portion of entire-ties property reachable by joint creditors therefore is not exempt. Napotnik v. Equibank & Parkvale Savings Association, 679 F.2d 316, 320-22 (3d Cir.1982); accord In re Traurig, 34 B.R. 325 (Bankr. S.D.Fla.1983); In re Trickett, 14 B.R. 85, 89-90 (Bankr.W.D.Mich.1981).
The Fourth Circuit, on the other hand, has reasoned that a joint creditor cannot levy on a debtor’s interest in entireties property, but only on the property itself, and therefore the whole interest is exempt under section 522(b)(2)(B). In re Ford, S B.R. 559, 576 (Bankr.D.Md.1980) (en banc), aff'd on the opinion of the bankruptcy court sub nom. Greenblatt v. Ford, 638 F.2d 14 (4th Cir.1981). To prevent injustice, the Fourth Circuit continues the prior practice of lifting the automatic stay and deferring discharge while joint creditors seek their remedy in state court. Sovran Bank v. Anderson, 743 F.2d 223, 224 (4th Cir.1984); Chippenham Hospital v. Bondurant, 716 F.2d 1057, 1059 (4th Cir.1983); accord D’Avignon v. Palmisano, 34 B.R. 796, 800 (D.Vt.1982).
The distinction between the two views is of theoretical and procedural rather than substantive significance. From that perspective, however, we believe that the better view is that expressed by the Third Circuit in Napotnik. It is true, as the Fourth Circuit recognized in Ford, that “[i]n order for joint creditors to execute upon entireties property, the husband’s interests must be joined with the interests of the co-tenant wife.” 3 B.R. at 576. But, because each spouse owns the whole estate and each spouse is liable for the whole debt, it is a false distinction to declare that a joint creditor cannot reach a spouse’s individual undivided interest in entireties property. A joint creditor would inevitably seek the joint interests to satisfy a joint and several liability, and under state law he could do so. See Napotnik, 679 F.2d at 321 & n. 10.
*777 From a procedural standpoint, too, we think Napotnik takes the better view. The Fourth Circuit’s practice requires the creditor to take separate actions to lift the automatic stay and defer the discharge and to' proceed against the debtor in state court. See Sovran Bank, 743 F.2d at 224. The procedure we now approve, spelled out in more detail below, allows the creditor to protect his rights with a single filing in bankruptcy court. There is no question that the statute in effect at the time this ease was filed, Bankruptcy Act of 1978, Pub.L. No. 95-598, sec. 241(a), § 1471, 92 Stat. 2549, 2668-69 (codified at 28 U.S.C. § 1471) (repealed 1984), gave the bankruptcy court jurisdiction over such claims by creditors.
In this case the debtor filed for bankruptcy on March 1, 1983, and presumably filed a schedule of exempted property listing his interest in entireties property with the petition. See Bankruptcy Rules 108(b), 403(a) (superseded 1983). The joint creditor, Liberty State Bank & Trust, filed this adversary proceeding in bankruptcy court twenty-four days later, on March 25, 1983. Liberty asked that the automatic stay be lifted to allow it to proceed with its case against the parties’ joint assets in state court, as under prior law, or alternatively that the entireties property be sold for the benefit of joint creditors, as in In re Trickett, 14 B.R. 85 (Bankr.W.D.Mich. 1981).
The proper procedure; of course, is to file an objection to the claim of exemptions. See Bankruptcy Rule 4003(b). This objection may be combined with a proof of claim under Bankruptcy Rule 3002. Although Liberty did not comply with the letter of that procedure, we are satisfied that its failure to do so resulted from an excusable uncertainty as to the proper procedure and that its filing did meet procedural concerns. We therefore treat this adversary proceeding as an objection to the claim of exemptions. Taken as such, it was not untimely. See In re Dembs, 757 F.2d 777 (6th Cir.1985).
It follows that Liberty is entitled to file a proof of claim on remand and attempt to show the validity of its claim. In appropriate cases, the court may lift the automatic stay to allow the creditor to proceed against the entireties property in state court. 11 U.S.C. § 362(d). We see no reason for such a procedure here, when judicial economy would be better served by a single proceeding in bankruptcy court.
The case is reversed and remanded for further proceedings not inconsistent with this opinion.