In re James P. **MALONEY**, Debtor.

Alan E. **CECH**, Trustee, Movant,

v.

James P. **MALONEY**, Respondent.

Bankruptcy No. 92–2526–BM.
Motion No. 92–2483M.

United States Bankruptcy Court,
W.D. Pennsylvania.

Oct. 21, 1992.

Alan E. Cech, Trustee, Flaherty & Sheehy, P.C., Pittsburgh, Pa., for Chapter 7 Trustee.

Kenneth M. Steinberg, Steidl & Steinberg, Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtor James P. Maloney has exempted pursuant to 11 U.S.C. § 522(b)(2)(B) his *entire* interest in the marital residence which he and his non-debtor wife own as tenants by the entirety.

The trustee has objected to the exemption. The trustee maintains that the exemption should be *completely* disallowed and claims that he has the right and the obligation to sell the property pursuant to 11 U.S.C. § 363(h) and to distribute the sale proceeds to joint creditors of debtor and his non-debtor wife.

Debtor's exemption will be disallowed in part and allowed in part. The exemption will be disallowed to the extent of any joint obligations owed by debtor and his wife. The exemption will be allowed to the extent that the value of debtor's interest in the entireties property exceeds the amount of joint debts owed.

–I–

## FACTS

Debtor filed a voluntary chapter 7 petition in bankruptcy on June 9, 1992. His

wife, Mary A. Maloney, did not join in the petition and is not a debtor in this court.

On Schedule A, Real Property, debtor listed the marital residence located at 2098 Carriage Hill Road, Allison Park, Pennsylvania. The property, which debtor asserts has a value of $145,000.00, is owned by debtor and his wife as tenants by the entirety.

Schedule D, Creditors Holding Secured Claims, asserts that the property is subject to two mortgages totalling approximately $70,000.00. Mellon Mortgage Company holds a first mortgage which was granted on July 26, 1973 and was duly recorded the next day. Mellon has filed a proof of claim in the amount of $18,520.95 which is based on the mortgage. Debtor has not objected to Mellon's proof of claim. The property also is subject to a second mortgage which was granted to Shearson/American Express on June 18, 1986 and was duly recorded shortly thereafter. The amount due and owing on the second mortgage is $50,421.00.

According to Schedule D, both of these obligations are joint obligations of debtor and his non-debtor wife. These are the only joint debts. None of the other debts listed in the schedules is identified as a joint obligation of debtor and his wife.[1]

On Schedule C, Property Claimed As Exempt, debtor has claimed the *entire* value of his interest in the property—i.e., $145,000.00—as exempt pursuant to 11 U.S.C. § 522(b)(2)(B).

A chapter 7 trustee was appointed on June 4, 1992. Shortly thereafter, the trustee objected to debtor's claimed exemption and asked that it be disallowed.

On August 3, 1992, the trustee filed a motion to engage a designated real estate broker for the purpose of selling the marital residence. The motion, which asserts that the trustee "proposes" to sell the property, was approved by an order of court dated August 5, 1992.

No motion to sell the interest of both debtor and his wife in the marital residence pursuant to 11 U.S.C. § 363(h) has been brought by the trustee.

–II–

## ANALYSIS

The controlling provision in this instance is 11 U.S.C. § 522(b)(2)(B), which provides in pertinent part as follows:

(b) [n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate....

(2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant

---

1. The trustee asserts in the objection that *other* debts listed in the schedules also qualify as *joint* debts. For instance, the trustee avers that debtor's wife is a codebtor on an unsecured loan from Equibank in the approximate amount of $26,000.00. In addition, he claims that several "credit card debts" which are listed as unsecured debts in reality are joint debts because the accounts in question were joint accounts or because the purchases were for household goods. Debtor has denied that these debts are joint debts.

As the objecting party, the trustee in this instance has the burden of proving that the exemption claimed by debtor is not proper. *See* Bankruptcy Rule 4003(c). As shall be seen, the propriety of the claimed exemption depends on whether there are joint debts. The trustee has offered no credible evidence of joint obligations beyond those which are secured by the two mortgages.

The court, in an effort to be thorough, undertook to do the job of the trustee and carefully examined the schedules attached to debtor's bankruptcy petition. Schedule H, Codebtors, asserted that, in addition to the debts owed to Mellon and Shearson/American Express, debtor's wife is a codebtor on an unspecified obligation to Equibank. However, careful review of debtor's other schedules revealed no such joint obligation to Equibank. Schedule F, Creditors Holding Unsecured Nonpriority Claims, did list a debt in the approximate amount of $56,000.00. However, it is listed as a debt of debtor alone and not as a joint debt.

It would appear that Schedule F and Schedule H are inconsistent. However, it is not possible to determine on the present state of the record whether the entry on Schedule F or the entry on Schedule H is erroneous. The trustee provided no basis for this court to find that the debt to Equibank listed on Schedule F, or any other debt listed therein, in reality is a joint debt of debtor and his wife.

by the entirety ... is exempt from process under applicable nonbankruptcy law.

Debtor's contention that he is entitled under this provision to exempt his *entire* interest as a tenant by the entirety in the marital residence is erroneous.

The outcome of the claimed exemption depends upon the interpretation given to the final phrase of § 522(b)(2)(B): "to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law".

An interpretation of this surprisingly nettlesome phrase was provided in *Napotnik v. Equibank and Parkvale Savings Ass'n*, 679 F.2d 316 (3rd Cir.1982).

Some preliminary observations are in order before we begin our analysis. The phrase "applicable nonbankruptcy law" refers in this instance to the applicable law of Pennsylvania concerning tenancies by the entirety. *Napotnik*, 679 F.2d at 318. In addition, the phrase "exempt from process" means "immune from process". *Napotnik*, 679 F.2d at 318–19. Thus, debtor is entitled to exempt his interest in the marital residence to the extent that his interest is immune from process under the law of Pennsylvania concerning tenancies by the entirety.

Section 522(b)(2)(B) is designed to permit an individual debtor to exempt an interest in property that cannot be reached by creditors. *Napotnik*, 679 F.2d at 319. Whether or not entireties property is "immune from process"—i.e., cannot be reached by creditors—depends on whether the debt owed to a creditor is a *joint* debt of husband and wife. Entireties property is immune from process by a creditor to satisfy a debt owed by only one of the spouses. A creditor of only one spouse cannot acquire by judgment an enforceable lien against entireties property, or title therein by sale or execution. *Id.* By contrast, entireties property is *not* immune from process by a creditor to satisfy a

*joint* debt owed by both spouses. *Napotnik*, 679 F.2d at 320.

It was determined previously that the property which debtor seeks to exempt is subject to *joint* debts in the approximate amount of $70,000.00 which are owed by debtor and his non-debtor wife. As a consequence, the property is *not* immune from process under Pennsylvania law. Were it not for the bankruptcy, Mellon Mortgage Company and/or Shearson/American Express would be able to bring foreclosure actions and, ultimately, to levy and execute against the property.

It therefore follows that debtor is *not* entitled by § 522(b)(2)(B) to exempt *all* of his interest in the entireties property. At the very least, he cannot exempt that portion of his interest which is subject to the outstanding joint debts on the property which are owed by debtor and his wife to Mellon Mortgage Company and to Shearson/American Express.

This determination does not completely resolve the matter which is now before the court. It remains to be determined whether debtor nonetheless is entitled to exempt any equity in the property which may (or may not) exist. As has been noted, debtor stated in Schedule A that the property has a value of $145,000.00, which (if true) exceeds the value of the liens on the property held by Mellon Mortgage and Shearson/American Express by some $75,-000.00.

The trustee has taken the position that debtor is not entitled to any exemption at all and insists that he has the right and the obligation to sell the property pursuant to 11 U.S.C. § 363(h) and to make distribution to joint creditors from the sale proceeds. As support for this position, the trustee cites to *Napotnik, supra*, and to *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985).

The trustee's position is without merit. *Napotnik* and *Sumy* offer radically different construals of § 522(b)(2)(B).[2] As a re-

---

**2.** We recognize that there is language in *Sumy* in the first paragraph and thereafter that could lead one to believe that *Sumy* is on all fours

with *Napotnik*. However, an holistic reading of the Opinion and the ultimate result reached

sult, they are in disagreement as to whether the presence of a joint creditor eliminates the exemption entirely.

*Napotnik* did *not* completely disallow a claimed exemption in entireties property merely because of one or more joint debts owed by a debtor and their nondebtor spouse. Rather, debtor was not allowed to exempt that *portion* of his interest which was subject to a joint obligation:

> Since the debtor's interest in the real property owned with his wife as tenants by the entirety is not exempt from process in Pennsylvania because they are joint obligors, he is not entitled to exempt *that portion* of his equity subject to Equibank's judicial lien. (Emphasis added.)

*Napotnik,* 679 F.2d at 321–22.

As for that portion of debtor's equity which exceeded the amount of the joint obligations, *Napotnik* held that it may be exempted by debtor:

> Thus the bankruptcy court concluded that the debtor's interest in entirety property—to the extent that it was subject to a judgment against both the debtor and his spouse on a joint debt—could not qualify for exemption under section 522(b)(2)(B). *Only the debtor's equity above the judicial liens could so qualify.* (Emphasis added.)

*Napotnik,* 679 F.2d at 320. The Court of Appeals found no error in the determination of the bankruptcy court and affirmed its decision. *Napotnik,* 679 F.2d at 322.

Like the debtor in *Napotnik,* the debtor in *Sumy* sought to exempt his equity in the entireties property. *Sumy,* 777 F.2d at 922. However, whereas *Napotnik* allowed the exemption to the extent that the value of debtor's interest in the entireties property exceeded the total of joint debts, *Sumy* completely disallowed the exemption:

> To summarize, we hold that, to the extent the debtor and the nonfiling spouse are indebted jointly, property owned by the entireties may *not* be exempted from an individual debtor's bankruptcy estate

under § 522(b)(2)(B).... (Emphasis added).

777 F.2d at 932.

This difference in turn was due to a radically different interpretation by the Fourth Circuit of the phrase "to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law". According to *Sumy,* the phrase means "to the extent that there are only individual claims". *Sumy,* 777 F.2d at 925. In other words, a chapter 7 individual debtor may exempt entireties property only if there are individual, as opposed to joint, debts. Under this interpretation, entireties property may not be exempted at all if it is subject to any joint debt owed by debtor and their nondebtor spouse.

It is not for this court to determine for itself whether it prefers the interpretation set forth in *Napotnik* or that set forth in *Sumy.* We are constrained to apply *Napotnik* to the present case and to allow debtor to exempt the equity (if any) in the entireties property after the joint debts owed to Mellon and to Shearson/American Express have been taken into account.

■ The trustee also contends that he has the right and the obligation to sell the entireties property pursuant to 11 U.S.C. § 363(h) and to distribute the sale proceeds to joint creditors.

To the extent that the trustee is relying on *Sumy* as authority for this proposition, it is misguided. *Sumy* held that the proper course of action where there are joint debts and a debtor has sought to exempt entireties property is for the trustee to administer such property for the benefit of joint creditors pursuant to § 363(h). *Sumy,* 777 F.2d at 932.

This holding unquestionably was related to the court's determination that debtor's claimed exemption must be completely disallowed. However, as has been shown, this latter proposition is at odds with the prevailing law in this circuit and therefore must be rejected. As a consequence, the rationale articulated in *Sumy* for allowing

convinces this court that said two Opinions are diametrically opposed.

the trustee to administer the property pursuant to § 363(h) does not apply to the present case. The trustee has offered no independent rationale for why he should be permitted to proceed.

Also, as has been noted, the trustee has not formally requested that he be allowed to sell debtor's interest and his non-debtor wife's interest in the entireties property pursuant to § 363(h). It would be premature for the court to rule on this request until such a motion has been filed and heard and the trustee has established that the various requirements set forth in § 363(h) have been satisfied.[3]

Debtor's exemption will be disallowed to the extent of any joint debts owed by debtor and his spouse. The exemption will be allowed to the extent of any equity in the property, should any remain after joint debts have been taken into account. The trustee's request that he administer the entireties property pursuant to § 363(h) will not be ruled upon until a formal pleading to that effect has been filed by the trustee and a hearing on the matter has been held after notice has been given to interested parties.

An appropriate order shall be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 21st day of October, 1992, in accordance with the foregoing Memorandum Opinion, it is ORDERED, ADJUDGED and DECREED that the trustee's objection to debtor's claimed exemption pursuant to 11 U.S.C. § 522(b)(2)(B) in the marital residence at 2098 Carriage Hill Road, Allison Park, Pennsylvania, is SUSTAINED IN PART and OVERRULED IN PART. Debtor's claimed exemption is *disallowed* to the extent of the joint obligations owed by debtor and Mary A. Maloney, his non-debtor wife, to Mellon Mortgage Company and to Shearson/American Express and any others which are secured by the property. To the extent that the property has any value above and beyond these joint obligations, debtor's claimed exemption of his interest therein is *allowed*.

---

**3.** Even *Sumy* did not authorize the trustee to sell entireties properties owned by a debtor and their non-debtor spouse without first meeting the requirements of § 363(h). Permitting the trustee to sell the property without first complying with § 363(h) would render this section of the Code a nullity. *See In re Wickham,* 127 B.R. 9, 11 (Bankr.E.D.Va.1991).