In re Timothy C. HOUCK, Debtor.

Bankruptcy No. 95–20323T.

United States Bankruptcy Court,
E.D. Pennsylvania.

July 17, 1995.

---

**22**

David A. Eisenberg, Trustee, Eisenberg & Van Horn, Allentown, PA.

Judith L. Jones, Easton, PA, for debtor.

### MEMORANDUM OPINION

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

Before the court is the chapter 7 trustee's objection to debtor's claim of exemption of certain property under 11 U.S.C. § 522(b)(2)(B) as allegedly exempt from process under Pennsylvania law because it is held as tenants by the entireties by debtor and debtor's non-debtor spouse. Specifically, debtor is attempting to exempt the following entireties property under § 522(b)(2)(B):

*(1)* $100,000.00 in equity in debtor's residence;

*(2)* $200.00 in cash;

*(3)* $50.00 in a checking account with Lafayette Bank;

*(4)* $200.00 in a savings account with Lafayette Bank; and

*(5)* $100.00 in a business account with First Valley Bank.[1]

The trustee objects to these claimed exemptions because he asserts that the existence of joint debts owed to certain creditors by debtor and his non-debtor spouse renders the property in question not exempt from process under Pennsylvania law, making § 522(b)(2)(B) inapplicable.

No hearing was held on the trustee's objection, as the parties agreed to submit the matter on stipulation of facts in lieu of a hearing. A briefing order was entered and the parties have filed briefs. A summary of the relevant stipulated facts follows.

The parties stipulated that substantial joint debts exist, some of which are secured. *See* Stipulation of Facts, ¶¶ 7, 8. The total amount of the joint indebtedness is $173,074.14. Of these joint debts, a $100,000.00 joint debt is secured by a mortgage on the residence, a $19,000.00 joint debt is secured by title to one vehicle and a $12,000.00 joint debt is secured by title to another vehicle. *See* Stipulation of Facts, ¶¶ 4, 7, 8. The remaining joint debts are unsecured. *See* Stipulation of Facts, ¶ 9.

Both parties agree that to the extent entireties property sought to be exempt under § 522(b)(2)(B) is subject to a lien against both the debtor and his non-debtor spouse, the entireties property is not exempt from process under Pennsylvania law and therefore, the § 522(b)(2)(B) exemption is unavail-

1. An inconsistency appears to exist between the Stipulation of Facts, the trustee's objection to exemptions and debtor's claim of exemptions listed on Schedule C. Specifically, in Schedule C, debtor included among his claimed § 522(b)(2)(B) exemptions $100.00 which he and his non-debtor spouse hold as tenants by the entireties in a business account with First Valley Bank. The chapter 7 trustee's objection to debtor's claim of exemptions included an objection to debtor's claim of an exemption in the $100.00 in this business account. For some reason, howev-

er, the $100.00 in this business account is not included in paragraph 5 of the Stipulation of Facts executed by the parties, which purports to list the property which debtor claims as exempt under § 522(b)(2)(B). The parties do not discuss this issue in their briefs and therefore, it is unclear whether this omission was accidental or intentional. As this $100.00 was included in both debtor's Schedule C and in the trustee's objection to exemption, we shall overlook its omission in the Stipulation of Facts and include it in our analysis.

able to the debtor to the extent of the amount of the lien. The parties disagree on whether the presence of unsecured joint debts renders the entireties property exempt from process as that phrase is used in § 522(b)(2)(B). Interestingly, both the trustee and debtor cite many of the same cases, each arguing that these cases support their respective positions. However, after reviewing the parties' briefs and the cases cited therein, we conclude that the argument advanced by the trustee is the most convincing.

We begin our analysis by noting that it is well established under Pennsylvania law that until the death of one spouse or the entry of a final divorce decree, property held as tenants by the entireties is exempt from process by a creditor of only one spouse, but is not exempt from process by a creditor who is owed a debt by both spouses jointly. *See Napotnik v. Equibank & Parkvale Sav. Ass'n,* 679 F.2d 316, 320 (3rd Cir.1982); *In re Maloney,* 146 B.R. 168, 171 (Bankr.W.D.Pa. 1992); *Garafano v. Trustees of Amalgamated Ins. Fund (In re Garafano),* 99 B.R. 624, 634–35 (Bankr.E.D.Pa.1989). Debtor urges us to interpret the Third Circuit's holding in *Napotnik* narrowly so that only a creditor who holds a *judgment* on a joint debt is deemed to hold an interest against entireties property which is not exempt from process. For the reasons that follow, we decline to do so.

First, we note that in *Napotnik,* the Third Circuit Court of Appeals analyzed the issue of whether the debtor could exempt entireties property when a creditor existed who held a judgment against the debtor and his non-debtor spouse on a joint debt. Thus, the Court focused on the ability of a holder of a judgment against both spouses on a joint debt to levy upon entireties property. However, other portions of the Third Circuit's *Napotnik* decision are devoted to a more general discussion of the issue and address the ability of a creditor who holds a claim against both spouses based upon a joint debt to levy upon entireties property. In this regard, the Third Circuit Court of Appeals specifically stated that, "in Pennsylvania entirety property may be reached by creditors to satisfy the joint debts of husband and wife.

[citations omitted]. In this respect at least, such property is not exempt from process in Pennsylvania." *Napotnik,* 679 F.2d at 320. As a result, we conclude that the Third Circuit's holding in *Napotnik* was not intended to apply only to lienholders, but instead, was intended to apply equally to a creditor who holds an unsecured claim against both spouses based upon a joint debt.

Second, other bankruptcy courts have not limited application of *Napotnik* to joint creditors holding liens against both spouses based upon joint debts. Specifically, the Bankruptcy Court for the Western District of Pennsylvania, when confronted with a fact situation involving a judgment creditor of both spouses on a joint debt, did not limit its discussion of *Napotnik* and § 522(b)(2)(B) to judgment creditors. *Maloney,* 146 B.R. at 171. Instead, the court stated:

> Section 522(b)(2)(B) is designed to permit an individual debtor to exempt an interest in property that cannot be reached by creditors. *Napotnik,* 679 F.2d at 319. Whether or not entireties property is 'immune from process'—i.e., cannot be reached by creditors—depends on whether the debt owed to a creditor is a *joint* debt of husband and wife. Entireties property is immune from process by a creditor to satisfy a debt owed by only one of the spouses. A creditor of only one spouse cannot acquire by judgment an enforceable lien against entireties property, or title therein by sale or execution. *Id.* By contrast, entireties property is *not* immune from process by a creditor to satisfy a *joint* debt owed by both spouses. *Napotnik,* 679 F.2d at 320.

*Id.* Furthermore, a review of footnote 1 of the *Maloney* decision reveals that the *Maloney* court agreed with the trustee's theoretical argument in that case that the presence of *unsecured joint* debts would defeat the debtor's attempt to exempt entireties property under § 522(b)(2)(B) to the extent of the *unsecured joint* indebtedness. However, since the trustee in *Maloney* failed to establish that the unsecured debts were in fact joint debts, the *Maloney* court could not sustain the trustee's objection as it related to

those unsecured debts. Significantly, the court stated:

> The trustee asserts in the objection that *other* debts listed in the schedules also qualify as *joint* debts. For instance, the trustee avers that debtor's wife is a co-debtor on an unsecured loan from Equibank in the approximate amount of $26,-000.00. In addition, he claims that several 'credit card debts' which are listed as unsecured debts in reality are joint debts because the accounts in question were joint accounts or because the purchases were for household goods. Debtor has denied that these debts are joint debts.
>
> As the objecting party, the trustee in this instance has the burden of proving that the exemption claimed by the debtor is not proper. *See* Bankruptcy Rule 4003(c). As shall be seen, the propriety of the claimed exemption depends upon whether there are joint debts. The trustee has offered no credible evidence of joint obligations beyond those which are secured by two mortgages....
>
> The trustee provided no basis for this court to find that the [unsecured] debt to Equibank listed on Schedule F, or any other [unsecured] debt listed therein, in reality is a joint debt of debtor and his wife.

*Id.* at 170 n. 1. Accordingly, the *Maloney* court could not sustain the trustee's objection to the debtor's § 522(b)(2)(B) exemption insofar as it related to the unsecured debts.[2] *Id.*

Likewise, our colleague, Chief Judge David A. Scholl, has not limited the holding of *Napotnik* to judgment creditors. *Garafano*, 99 B.R. at 634–35. Rather, when confronted with a situation which involved a creditor who held a judgment against one spouse based upon a joint debt, and a claim against the other spouse based upon the same joint debt, Judge Scholl found that the creditor could reach entireties property under Pennsylvania law. In so ruling, Judge Scholl cited *Napotnik*, 679 F.2d at 320, and noted that "in Pennsylvania entireties property may be reached by the joint creditors of a husband and wife." *Garafano*, 99 B.R. at 634.

For all of these reasons, we conclude that the existence of joint indebtedness precludes exemption of the entireties property under § 522(b)(2)(B) to the extent of the joint indebtedness.[3] *Napotnik*, 679 F.2d at 321–22; *Maloney*, 146 B.R. at 170 n. 1, 172–73; *Garafano*, 99 B.R. at 634–35.

An appropriate order follows.

### ORDER

AND NOW, this 17th day of July, 1995, it is ORDERED that the trustee's objection to the exemptions claimed by debtor under 11 U.S.C. § 522(b)(2)(B) is SUSTAINED as the court finds that the existence of joint indebtedness precludes exemption under § 522(b)(2)(B) to the extent of the joint indebtedness.

IT IS FURTHER ORDERED that debtor may exempt the sum of $27,475.86 under 11 U.S.C. § 522(b)(2)(B), which represents the stipulated amount of equity that exists in the entireties property.

---

**2.** In the case before us, debtor concedes that the unsecured debts in issue are joint debts. *See* Stipulation of Facts ¶¶ 7, 8, 9.

**3.** While the trustee's objection to exemption appears to advocate the position that debtor is not entitled to exempt any of the entireties property under § 522(b)(2)(B), it appears that the trustee is now conceding that debtor may exempt the amount of entireties property that exceeds the total amount of the joint indebtedness. *See Trustee's Supplemental Memorandum of Law* at 1–2, wherein the trustee states, "the *Napotnik* case and *Maloney* case both recognize that the

Debtor is allowed to exempt equity in entireties property *after* the joint debts have been taken into account." We agree with the trustee's interpretation of these cases and with his concession on this point.

Turning to the specific facts before us, if we take the stipulated value of the entireties property and add to it the $100.00 which exists in the joint business account, *see* note 1, *supra*, and then subtract from this amount the stipulated amount of joint indebtedness, it appears that debtor has equity in the entireties property in the amount of $27,475.86 which he may exempt under § 522(b)(2)(B).