In re Melvin E. BACHMAN, Debtor.

Bankruptcy No. 81–1171.

United States Bankruptcy Court,
W. D. Pennsylvania.

July 15, 1982.

John Vetica and Alfred G. Yates, Pittsburgh, Pa., for Eleanor Bachman.

George A. Miller, III, Pittsburgh, Pa., for debtor.

Joseph E. Schmitt, Pittsburgh, Pa., trustee.

Gary Philip Nelson, Pittsburgh, Pa., for First Seneca.

MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This case was commenced on May 1, 1981. On that date the Debtor filed a Petition in Bankruptcy seeking relief under Chapter 11 of the Bankruptcy Code. The Debtor on his Schedule B–4 elected the federal exemptions. The Debtor died on March 18, 1982. The Debtor is survived by his spouse, Eleanor Bachman. Eleanor Bachman did not join in the Bankruptcy Petition. The bulk

of the assets of the Bankruptcy Estate (the "Estate"), consisting of valuable real estate, were owned with Eleanor Bachman as tenants by the entireties. Pennsylvania law provides that upon the death of one spouse, title to entireties property continues in the other spouse. The question before the Court is whether under the facts of this case Pennsylvania law operates to remove the entireties property from the property of the Estate, or whether the Estate should be administered as constituted at the date of filing.

The Debtor filed his Petition under Chapter 11 and was constituted a Debtor in Possession. Following his death, on May 11, 1982 the Court pursuant to its powers under Rule 118 of the Rules of Bankruptcy Procedure and Section 305 of the Bankruptcy Code appointed a Trustee to represent the Bankruptcy Estate in these proceedings.

The Court requested Memorandum Briefs from the interested parties in order to aid in resolving the issue before it. The Trustee has submitted a Memorandum Brief arguing that the case should be administered. First Seneca Bank and Trust Company ("First Seneca"), the secured creditor on the real estate, has submitted a Memorandum Brief arguing that by operation of Pennsylvania law the real estate is no longer property of the estate and that First Seneca should be granted an order allowing it to proceed with foreclosure in state court. Eleanor Bachman has been appointed the Administratrix of the decedent's estate in the state probate proceeding. The Administratrix has submitted an Application to Withdraw Voluntary Petition (the "Petition") arguing that the intestacy proceedings in state court would properly administer the decedent's estate. The Administratrix has also filed a Motion to Amend the Schedule B–4 of the Bankruptcy Petition seeking to change the election of exemptions from the federal exemptions to the state exemptions. The attorney for the Debtor in Possession has taken no position with regard to whether the Bankruptcy Estate should be administered or the case dismissed.

## STATEMENT OF THE FACTS

In addition to the relevant facts cited above, the following should be noted. On December 8, 1981, First Seneca filed a proposed Plan of Reorganization. This Plan was a liquidating plan providing for the sale of real estate in the Bankruptcy Court. First Seneca would be paid in full first, then the unsecured creditors would be paid, depending on the amounts realized from the sale. The Disclosure Statement submitted by First Seneca was approved by this Court on January 4, 1982. February 1, 1982 was set as the hearing date for the Confirmation of the Plan. The hearing was then continued by Court Order to February 18, 1982. At this hearing the Plan was orally confirmed. However, the Debtor was given until March 22, 1982 to bring to the Court an agreement of sale before any sale would take place in the Bankruptcy Court. This Court additionally agreed to appoint a Trustee to conduct the sale proposed in First Seneca's Plan and to consummate the Debtor's sale if the Debtor was able to bring a sales agreement before the Court within the allotted time. This oral order was never reduced to a formal written order. During this period the Debtor died.

Within days of the Debtor's death, First Seneca issued execution in state court against the real estate. The Administratrix sought a stay of the execution, and on April 26, 1982 the state court judge entered an order continuing the Sheriff's Sale from May 3, 1982 to June 7, 1982, with the requirement that First Seneca must obtain state court permission prior to proceeding with the sale. The state court judge further requested that the parties obtain an order from this Court clarifying whether the automatic stay was still in effect with regard to the entireties real estate following the death of the Debtor.

## DISCUSSION

The Court notes at the outset that its oral Order of February 18, 1982 was never vacated.

First Seneca's position is that the entireties property is no longer the property of the estate. First Seneca believes that the

sale envisioned by the Plan of Reorganization is of no practical effect. The Trustee's position is that the property of the estate is determined as of the date of the filing of the Petition, and that given the fact the Debtor elected the federal exemptions, the Trustee can proceed to sell the entireties property pursuant to Section 363(h) of the Bankruptcy Code. The Administratrix by amending Schedule B–4 hopes to place the Trustee in the position of only being able to sell that property owned by the Debtor alone.

When a Bankruptcy Petition is filed, an estate is created. This estate is defined in Section 541 of the Bankruptcy Code. It includes, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." There is no doubt that as of the commencement of the case the Debtor had an interest in the entireties property, which interest became property of the estate at the time of the filing of the Bankruptcy Petition. See this Court's opinion in *In re Barsotti*, 7 B.R. 205 (Bkrtcy.W.D.Pa.1980). See also *Matter of Cipa*, 11 B.R. 968 (Bkrtcy.W.D.Pa.1981). There is also no doubt that this interest can be sold pursuant to Section 363(h) of the Bankruptcy Code. This is the case, even though the Debtor could not force a sale of this property under state law, *Matter of Cipa*, supra at 971.

The extent of the Debtor's interest in the property of the estate is determined as of the date of filing according to Section 541. See 4 *Collier on Bankruptcy*, ¶ 541.04 (15th Ed. 1981). This property will remain property of the estate unless exempted, abandoned or otherwise effected pursuant to a relief from stay. Other postpetition transfers of property cannot effect "property of the estate." A transfer effected pursuant to Pennsylvania state law similarly cannot effect the estate. To allow such a transfer would defeat the intent of Section 541.

This reasoning is consistent with Rule 118. That rule states:

The death or insanity of a bankrupt shall not abate a bankruptcy case. In such event the estate of the bankrupt shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

This rule is an adaption of Section 8 of the Bankruptcy Act. This section was not rewritten into the Code because it was thought to be unnecessary, as the legislative history of Section 541 of the Bankruptcy Code makes clear.

Bankruptcy Act section 8 has been deleted as unnecessary. Once the estate is created, no interests in property remain in the debtor. Consequently, if the debtor dies during the case, only property excepted from property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue in rem with respect to property of the estate; and the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts. House Report No. 95–595, 95th Cong. 1st Sess. (1977) 367–8; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 82–3, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5869, 6323.

This language makes abundantly clear that the operation of Pennsylvania entireties law does not operate to remove the subject property from the Bankruptcy Estate when the federal exemptions have been chosen.

In connection with the disposition of this matter, the Administratrix seeks to amend the Debtor's B–4 Schedule as to elect the state and not the federal exemptions. If this were to happen, the property in question would be beyond the reach of the Trustee. The Court denies this Administratrix's Motion to Amend. The Trustee opposes the amendment by the Administratrix. Amendment by the Debtor's representative, which would remove the biggest asset of the estate, after his death, in a

Chapter 11 case, after a Plan has been voted upon, would not be equitable. The Debtor voluntarily filed and submitted to the liquidating plan. To now remove from the reach of unsecured creditors the major asset would not serve the interest of unsecured creditors.

An appropriate order will issue.