In the Matter of Joseph J. ROTUNDA, individually and d/b/a K & K Auto Sales, Debtor.

R. Perrin BAKER, Esq., Trustee, Plaintiff,

v.

Joseph J. ROTUNDA, Kathleen F. Rotunda, his wife, and Joseph G. Rotunda, Defendants.

Bankruptcy No. 84–00074E.

Adv. No. 84–0088.

United States Bankruptcy Court, W.D. Pennsylvania.

June 26, 1985.

R. Perrin Baker, Erie, Pa., Trustee, pro se.

Lawrence C. Bolla and Michael S. JanJanin and Quinn, Gent, Buseck, & Leemhuis, Erie, Pa., for Joseph J. Rotunda, Kathleen F. Rotunda and Joseph G. Rotunda.

David M. Mosier and Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., for Joseph G. Rotunda.

## MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

Joseph J. Rotunda, individually and d/b/a K & K Auto Sales filed a voluntary petition in voluntary bankruptcy at 84–00074E and his partner, Karen A. Johannes, a/k/a Karen A. Manley filed a similar petition the same day at No. 84–00073E.

The two cases were converted to Chapter 13 proceedings with the approval of the Court May 17, 1984 after objections to the discharge of Joseph J. Rotunda were filed.

Prior to the filing of the above bankruptcy petitions, the debtor, Joseph J. Rotunda and Kathleen F. Rotunda, his wife conveyed property they owned as tenants by the entireties at 3015 Angel Court, Erie, Pennsylvania, to said debtor's father, Joseph G. Rotunda by a deed dated February 9, 1984 recorded February 14, 1984 in the Recorder's Office at Erie County in Deed Book 1525 at page 361 at 3:44 p.m., ten minutes after the Chapter 7 bankruptcy petitions of Joseph J. Rotunda and his partner were filed at 3:34 p.m. on said date.

Joseph G. Rotunda has executed articles of agreement for the sale of 3015 Angel Court, Erie, Pennsylvania for the sum of $63,000.00 and about $12,000.00 net is being held in escrow by the firm of Knox, Graham, McLaughlin, Gornall & Sennett, Inc. of Erie, Pennsylvania under stipulation of the parties approved by Court that $63,000.00 is a reasonable value for the property (and after payment to Joseph G. Rotunda of the sum of $10,699.98 in reimbursement for payment of liens of Pennbank of Erie and Household Consumer Discount Company agreed to be properly payable from the proceeds of sale and satisfying existing Marine Bank mortgages of the premises in a total amount of $32,791.20).

The Court previously by Order dated October 18, 1984 and confirmed by District Judge Gerald J. Weber October 19, 1984 of which copy is hereto attached, ruled that Joseph G. Rotunda could sell the subject

premises under the above mentioned contract of sale subject to the conditions set forth in said Order, that said Joseph G. Rotunda could be reimbursed in the sum of $10,699.90 for his payments in satisfaction of the foregoing liens and that the Marine Bank mortgages totaling $32,791.20 could also be paid therefrom; that the balance of the funds should be held in escrow by the firm of Knox, Graham, McLaughlin, Gornall & Sennett, Inc. pending final resolution of this proceeding of the trustee.

For the reasons and under the authorities set forth in our opinion in *In the Matter of Bundy,* 53 B.R. 582 (W.D.Pa.1985) being filed simultaneously herewith, and the Order of the Honorable Glenn E. Mender, United States District Judge August 1, 1982 in the unreported case of *First Seneca Bank v. Bachman,* (D.C.W.D.Pa. No. 82–1989) [reversing 21 B.R. 849 (Bcy.W.D. Pa.1982) ],* it is concluded that the trustee in bankruptcy of a tenant by the entirety who files a petition in which the other spouse does not join during the joint lifetimes has no standing to set aside a prebankruptcy conveyance by both spouses of their entireties property: *Beihl v. Martin,* 236 Pa. 519, 84 A. 953 (1912), *Napotnik v. Equibank,* 679 F.2d 316 (3d Cir.1982), our as yet unreported opinion in *In the Matter of Bundy,* supra and among many others the ruling of Judge Mencer in the case of *First Seneca Bank and Trust Co. v. Bachman,* supra:

"AND NOW, this 7th day of August, 1984 the record demonstrating that certain property involved in the bankruptcy proceeding which underlies this action was owned by Melvin E. Bachman, debtor, and Eleanor J. Bachman, appellant, as tenants by the entirety,

IT IS HEREBY ORDERED that Joseph E. Schmitt, the trustee in bankruptcy of Melvin E. Bachman's estate, obtains no title to the property covered by that tenancy. *See* 4A Collier on Bankruptcy ¶ 70.17[8] (14th Ed. Bender 1967); 18

P.L.E. Husband and Wife § 11–12 (West 1983). Accordingly, the bankruptcy court's order of July 15, 1982 is REVERSED, and this action is REMANDED to that court for further proceedings."

There is no question in the Court's mind that the conveyance to the debtor's father recorded simultaneously with the filing of the within bankruptcy case was made with the full knowledge of the debtor and his wife and the aforesaid father, Joseph G. Rotunda, for the purpose of avoiding any possible consequences of said bankruptcy filing, but we must conclude for the foregoing reasons and referred to authorities among many others that the debtor's trustee has no standing to set aside the conveyance or legally recognizable interest in the proceeds of sale thereof by the grantee of said premises; that the interest of a debtor in entireties property during the joint lifetimes of the parties is wholly outside the jurisdiction and control of the bankruptcy court in a proceeding by one of the parties during the joint lifetimes of said spouses.

It is ORDERED, ADJUDGED and DECREED for the aforesaid reasons and referred to controlling authorities that the within action of the trustee to set aside the above conveyance and to restrain the grantee's sale of the premises above described be, and the same hereby is dismissed and denied; and that the balance of the purchase money held in escrow by the grantee's attorneys after payment of valid liens thereagainst and of the expenses and commissions of sale, shall be distributed as may be designated by an Appellate Court on any appeal herefrom, or on the expiration of the time for filing such appeal or appeals, to Joseph G. Rotunda.

### APPENDIX

### ORDER

AND NOW, this 18th day of October, 1984, upon consideration of the foregoing

---

* Reported at 21 B.R. 849 referred to but not followed in *In re Abdallah,* 39 B.R. 384, 388 (Bcy.Mass.1984). *Note:* Abdallah reaches a different result than we do on many facets of tenancies by the entireties, but in Massachusetts the husband-tenant has complete control and rights of disposition and control during the joint lifetimes, not undivided, indestructible equal rights as in Pennsylvania.

Stipulation, IT IS ORDERED, ADJUDGED AND DECREED that the Defendant, Joseph G. Rotunda, may convey the real property commonly known and described as 3015 Angel Court, Erie, Pennsylvania and further described in the Stipulation, pursuant to the terms and conditions of the Articles of Agreement for the Sale of Real Estate described in the Stipulation; AND

FURTHER ORDERED that the gross sales proceeds of $63,000.00 shall be applied to the seller's covenants as provided in the terms and conditions of the aforesaid Articles of Agreement; AND

FURTHER ORDERED that Joseph G. Rotunda be reimbursed at closing from the sales proceeds for the payments to Household Consumer Discount Company and Security Peoples Trust Company now Pennbank/Erie in the total amount of $10,699.98; AND

FURTHER ORDERED that the existing Marine Bank mortgages recorded at Erie County Recorder's Office Mortgage Book 1098, page 411 and Mortgage Book 1337, page 472 and having an approximate total payoff amount of $32,791.20 shall be paid and satisfied at closing out of the gross sales proceeds; AND

FURTHER ORDERED that the balance of the sales proceeds, except as otherwise provided for by this Order or the Articles of Agreement hereinabove referenced, shall be held in escrow by the Seller's attorney pending a resolution of this continued adversary proceeding.