**In re Paul LEINHEISER, t/a Leinheiser and Sons, and Mary Ellen Leinheiser, husband and wife, Debtors.**

**Frederick L. REIGLE, Esq., Trustee, Plaintiff,**

**v.**

**Paul LEINHEISER, t/a Leinheiser and Sons, and Mary Ellen Leinheiser, Defendants.**

**Bankruptcy No. 84–00968 T. Adv. No. 84–1498.**

United States Bankruptcy Court, E.D. Pennsylvania.

July 19, 1985.

Michael H. Kaliner, Philadelphia, Pa., for debtors.

Natalie D. Ramsey, Reading, Pa., for trustee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the trustee seeks to avoid, pursuant to sections 544 and 548 of the Bankruptcy Code, 11 U.S.C. §§ 544, 548, the Chapter 7 debtors' pre-petition transfer of their interest in real property to debtor Mary Ellen Leinheiser in trust for the debtors' three minor children. The debtors oppose the trustee's action. For the following reasons, we conclude that the trustee may avoid the transfer.[1]

The subject transfer occurred on July 25, 1983 when the debtors voluntarily executed a trust agreement in which they conveyed their interest in their residential real property to debtor Mary Ellen Leinheiser, as trustee, for and on behalf of the debtors'

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required

three minor children. The debtors and their children continue to reside in the property. The debtors filed their Chapter 7 bankruptcy petition on March 26, 1984. The parties have stipulated that the subject property has a fair market value of approximately $62,000.00 and was subject to a $46,000.00 mortgage lien at the time of the bankruptcy filing and that the debtors received no consideration for the conveyance.

One count of the trustee's complaint is based upon 11 U.S.C. § 544, which allows the trustee to avoid, *inter alia*, conveyances which are avoidable by creditors as fraudulent under state fraudulent conveyance statutes. *See, e.g., Dehmer v. Temple*, 44 B.R. 992 (S.D.Miss.1984); *Matter of Feola*, 22 B.R. 81 (Bankr.E.D.N.Y.1982). On this basis, the trustee invokes the Pennsylvania Uniform Fraudulent Conveyance Act, 39 P.S. § 351, et seq. Section 4 of this Act, 39 P.S. § 354, states:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

39 P.S. § 359 generally provides that creditors may set aside conveyances which are fraudulent under 39 P.S. § 354.

In the present matter, there is, as indicated *supra*, no dispute that the subject conveyance was made without fair consideration. The only dispute regarding 39 P.S. § 354 is whether the debtors were insolvent when they made the conveyance in question. Insolvency under the Act is defined in 39 P.S. § 352(1), which states:

"A person is insolvent when the present, fair, salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

by Bankruptcy Rule 7052.

It is clear that the present debtors were insolvent within the meaning of 39 P.S. § 352(1) on March 26, 1984, when they filed bankruptcy. The evidence regarding the question of their insolvency as of the July 25, 1983 conveyance is less clear. However, cases interpreting the above-cited provisions of the Act have consistently held that if a transferor is in debt at the time of the subject transfer, the burden shifts to the party seeking to sustain the transfer to prove that the transferor was solvent at the time of the transfer or received fair consideration therefor. Absent such proof, the transfer will be found to be fraudulent. See First National Bank of Marietta v. Hoffines, 429 Pa. 109, 239 A.2d 458 (1968); Fidelity Trust Co. v. Union National Bank of Pittsburgh, 313 Pa. 467, 169 A. 209 (1933); Patterson v. Hopkins, 247 Pa. Super. 163, 371 A.2d 1378 (1977); United States v. Gleneagles Investment Co., Inc., 565 F.Supp. 556 (M.D.Pa.1983).

The debtors' own testimony clearly establishes that they were significantly in debt as of July 25, 1983. However, the debtors offered virtually no evidence regarding their solvency as of that date. We find that they did not even come close to meeting their burden of proof as to solvency.[2] Therefore, in accordance with the rule of the above-cited cases, we conclude that the debtors were insolvent as of July 25, 1983 and that the trustee may thus avoid the subject transfer pursuant to 11 U.S.C. § 544 and the Pennsylvania Uniform Fraudulent Conveyance Act.[3] Correspondingly, and as requested in the trustee's complaint, the trustee is entitled to the rights granted to him by 11 U.S.C. § 550 with respect to a transfer avoided under 11 U.S.C. § 544. In this regard, we find that, because the subject transfer was a voluntary transfer, the debtors cannot exempt any property that the trustee recovers under 11 U.S.C. § 550. 11 U.S.C. § 522(g); Redmond v. Tuttle, 698 F.2d 414, 417 (10th Cir.1983); also see 3 Collier on Bankruptcy Paragraph 522.30, at 522–89 (15th ed. 1985).

■ Finally, the debtors argue in their post-trial memorandum that they are entitled to a directed verdict. At the hearing on this matter, the debtors moved for a directed verdict at the close of the trustee's case in chief. We denied the motion. The debtors elected to proceed with their case rather than appeal our denial of their motion and did not renew their motion at the close of testimony. Under these circumstances, it appears that the debtors have waived their motion for a directed verdict. See A. and N. Club v. Great American Insurance Company, 404 F.2d 100 (6th Cir.1968); Wealden Corporation v. Schwey, 482 F.2d 550 (5th Cir.1973). At any rate, we believe that our denial of the motion for a directed verdict was correct.[4]

The trustee shall be directed to submit a proposed final Order consistent with this Memorandum Opinion.

---

**2.** To the contrary, the overwhelming weight of the evidence as a whole strongly indicates their insolvency as of July 25, 1983.

**3.** Having so concluded, we need not decide whether the trustee is also entitled to relief under 11 U.S.C. § 548(a)(1) or 11 U.S.C. § 548(a)(2).

**4.** In this non-jury proceeding, the debtors' motion for a directed verdict should have been a motion for involuntary dismissal under Bankruptcy Rule 7041 and Rule 41(b) of the Federal Rules of Civil Procedure, and we deem it as such.