**In the Matter of Richard G. BUNDY, Debtor.**

**LAKE ERIE LEASING, INC., Plaintiff,**

v.

**Richard G. BUNDY and Robert W. Parker, Esq., Trustee, Defendants.**

Bankruptcy No. 81–00127.
Adv. No. 81–0234.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 30, 1985.

Carl N. Moore and Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., for plaintiff.

Lawrence C. Bolla and Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for defendant-debtor.

Robert W. Parker, Jr., McDonald, Illig, Jones & Britton, Erie, Pa., pro se for trustee.

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

This matter is before the court on Plaintiff's complaint for relief from the automatic stay under 11 U.S.C. Section 362 to permit the plaintiff to proceed with a pending action against the debtor and his wife in the Court of Common Pleas of Erie County, Pennsylvania to recover damages it suffered on its repossession of a motor vehicle owned by the debtor and his wife as tenants by the entireties, and to issue execution against other assets owned in entireties by the spouses on any judgment that may be obtained in said action.

The debtor's wife is not a party to the bankruptcy case which was filed by the debtor alone. We held in *In the Matter of Joseph J. Rotunda,* 53 B.R. 587 (W.D.Pa. 1985) that the Bankruptcy Court was without authority under the law of Pennsylvania to set aside a voluntary conveyance joined in by both spouses to the debtor's father just prior to the debtor's bankruptcy filing which we held controlling in said case both before and after the effective date of the Revised Bankruptcy Code of 1978, and alluded to our opinion in the instant case

we were then working on and intended to file simultaneously therewith.

Under the pre-Code common law of Pennsylvania the interest of a single tenant by the entireties in property owned jointly with the other spouse during the joint life-times of the parties was an indestructible undivided interest which could not be affected by either party without the joinder of his spouse together with the right to become the sole owner of the property not through inheritance or successorship to a remainder interest after the termination of joint life estates, but springing solely from the conveyance, devise, or other conferral of the tenancy by the entireties relationship in the subject property from and as of the date of its inception free of inheritance tax or other diminishing consequences of the first decedent's estate in the event of his or her survivorship of said other spouse: *Beihl v. Martin,* 236 Pa. 519, 84 A. 953 (1912), *Amadon v. Amadon,* 359 Pa. 434, 59 A.2d 135 (1948), *Napotnik v. Equibank,* 679 F.2d 316 (3d Cir.1982) and a host of other authoritative cases holding that the assets are not subject to attachment by creditors of a single spouse, to partition, to bankruptcy jurisdiction in a proceeding to which he is not a party, or to a sale or other unilateral act by one of the spouses in which the other spouse did not join during the joint lifetimes except for the right of a creditor of one of the spouses to obtain a contingent lien by judgment against the debtor spouse valid against the entire interest in the property in the event of his survivorship of the other spouse and subject to pro-tanto extinguishment in the event of his prior death or a joint sale or mortgage of the premises during the joint lifetimes: *Fleek v. Zillhaver,* 117 Pa. 213, 12 A. 420 (1917), commented on in *Beihl v. Martin,* supra, and fully explained and documented in the excellent opinion of Judge Gibbons in *Napotnik,* supra. (*Napotnik* held that joint creditors are entitled to payment from the proceeds of sale of entireties assets before arriving at any excess or equity from which claims of other creditors could be paid similar in some respects to distributions of partnership assets between creditors of the partnership and those of a single partner under the provisions of the Uniform Partnership Act, 59 Pa. C.S.A. 362 (8) and (9), and that there is no question that entireties assets are subject to bankruptcy jurisdiction and administration in cases joined in by both spouses because of the rights of their joint creditors and because the cases can be consolidated when simultaneously before the court).

The Revised Bankruptcy Code was enacted November 6, 1978 and became effective October 1, 1979 and contained the following provisions having a bearing on our consideration of the questions herein involved.

A. The property of a debtor's estate is defined at 11 U.S.C. Section 541(a) as comprising

"(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under Section 329(b), 363(n), 453, 550, 553, or 723 of this title ..."

B. It is provided in 11 U.S.C. Section 363(h) that the trustee may sell both the estate's interest, and the interest of any co-owner in property as a

"tenant in common, joint tenant, or tenant by the entirety only if—

(1) partition in kind of such property among the estate and such co-owners is impractible;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale

of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat, light, or power."

C. It is provided in Section 541(c)(2) that "a restriction on the transfer of the beneficial interest of a debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title."

D. Eleven different categories of types of property debtors can exempt are listed under subsection 522(d) without including interests of married persons in entireties property during the joint lifetimes, but it is provided in subsection (b) thereof that when debtors who are husband and wife file cases whose estates are ordered to be jointly administered under B.R. 1015(b), one debtor may not elect said federal exemptions and the other state, and that if they can not agree on the alternative to elect they shall be deemed to elect the federal exemptions when permitted under the law in the jurisdiction where the case is filed; that [from Section 522(b)]

"... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative, (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the

commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law."

It should be noted that insofar as possible the federal bankruptcy Code permits exemptions to be taken in comformity to the provisions of state law exempting assets from attachment, even when the debtors desire to elect federal exemptions, and that state law restrictions apply to interests of a tenant by the entirety which can be claimed only

"to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law." (From 11 U.S.C. § 522(b)(2)(B), supra).

■ The law on the status and extent of the power of each tenant by the entirety over his interest in property so owned during the lifetime of the other spouse varies from state to state. State and not federal law determines the nature and extent of a debtor's interest in property as of the date of the commencement of his bankruptcy case under all of the authorities: *Butner v. Butner*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), *Erie Railroad etc. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1117 (1938), *In re Kravitz*, 278 F.2d 820 (3d Cir.1960), and many others. Such property interests can only be changed by Congress when required to do so to permit the exercise of one of its constitutional powers and then only by specifically changing the characteristics of the owners' property interests in the entireties assets which the Code does not purport to do and as to which it goes to great lengths to preserve the restrictions under state law.

As said by Judge Goodrich at page 821 of his consistently followed opinion in *In re Kravitz*, supra,

"It is perfectly clear that, while Section 70, sub c of the Bankruptcy Act makes the trustee an ideal lien creditor, what such a lien creditor gets is deter-

mined by the law of the state involved, here, Pennsylvania."

It is possible to interpret the portion of the Revised Bankruptcy Code here involved as intended to apply in the large number of states in which the individual interests of tenants by the entireties in property so held are more partitionable, saleable, severable and marketable for a realistic value than in Pennsylvania, and not to states like Pennsylvania in which the foregoing characteristics do not obtain under local law.

■ When one of two interpretations of statutory language used can be made, one logical and constitutional and the other unreasonable, the constitutional and reasonable interpretation will be followed as statutes should not be interpreted so as to lead to unreasonable or meaningless results. See inter alia: *United States v. Ohio Barge Lines, Inc.*, 607 F.2d 624 (3d Cir. 1979) in which it was held in an opinion by Van Dusen, J. that an Act of Congress requiring the owner of a craft sunk in navigable waters to remove it or have it subjected to removal by the United States at his expense does not entitle the government to recover its cost of removal of an innocently sunken vessel, citing *Marine Leasing Services, Inc.*, 471 F.2d 255 (5th Cir.1973), and *United States v. Osage Co.*, 414 F.Supp. 1097 (W.D.Pa.1976). See also *Napotnik*, 679 F.2d 316, supra, at page 321 of which Judge Gibbons wrote in holding inter alia that the words *"exempt from process,"* in 11 U.S.C. 522(b)(2)(B) should be interpreted as meaning *"immune from process,"*

"If Congress has mistakenly disguised its actual intent by incorporating language leading in a different direction it is not up to us to rewrite the statute unless, perhaps a literal reading produces a truly absurd result. See *Holy Trinity v. United States*, 143 U.S. 457 12 S.Ct. 511, 36 L.Ed. 226 (1892)."

We felt compelled to hold we had no jurisdiction to set aside the conveyance in *Rotunda*, supra, in which the interests of the spouses had been extinguished by a voluntary deed in which they both joined at the time of or before the filing of the husband's bankruptcy petition (it was recorded ten minutes after the filing), but while such consequences are regrettable in the instances in which undue advantage is thereby obtained, the matter is counterbalanced to a large extent by the fact that in states governed by the Pennsylvania rule equities in accumulations of married persons and benefactions of their sponsors invested in entireties assets are protected from dissipation by the unilateral activities of either spouse alone unless and until the matter is changed by local law, e.g. as in the event of their divorce when the relationship is severed and the former tenants by the entirety become equal co-tenants: Act of 1927 P.L. 884 Section as amended, 68 P.S. Section 501.*

The question in Rotunda was whether either the whole interest or the husband's interest alone in entireties property governed by Pennsylvania law is subject to the jurisdiction of the Bankruptcy Court in such manner as to permit it to set aside a pre-bankruptcy conveyance of entireties property joined in by both spouses in a case filed by a husband alone in which his wife did not join or co-file. We held we had no such jurisdiction under Pennsylvania law before or after the passage of the Revised Code, and that Congress did not intend to confer such jurisdiction on the Bankruptcy Court in states following the Pennsylvania rule in cases in which both of the spouses are not parties because the interest of a single spouse in such assets during the joint lifetimes of the spouses is intangible, unpartitionable, unattachable by creditors, ethereal and unmarketable in usual channels for a realistic sales price (there's no question of bankruptcy jurisdiction when

---

* We make this observation for whatever it may be worth in spite of the fact that courts are charged with the responsibility of interpreting and applying the law as it exists in its present form to the resolution of controversies that come before them in specific situations without authority to change it generally for the governance of future affairs: *Bacon on Judicature,* 3 Harvard Classics 134 (1909 Edition).

both spouses are parties to the case because of the rights of their joint creditors and because the interests of both tenants are consolidated and before the Court as Judge Gibbons pointed out).

That Congress intended its references to entireties interests in the exemption and other sections of the Code to apply in the many states in which a single spouse's interest in such assets is a tangible, taxable interest for estate tax purposes at ascertainable values and generally recognized as a substantial, viable, and marketable presently existing current property interest, but not to states in which the interests are unseverable and indestructible during the joint lifetimes seems more reasonable to us than does the other point of view, especially when the restrictions under non-bankruptcy law are preserved and Congress did not expressly or otherwise purport to affect the characteristics and rights of ownership of the co-tenants of their entireties property but seems to have intended to leave the details of these rights inter sese of the spouses to local law.

An interest of a single spouse in entireties assets while the other spouse is still living, and to become their sole owner of his or her survivorship of the other spouse, is unattachable by his creditors and not an asset in his bankruptcy case under the law of Pennsylvania and kindred states and should in our opinion continue to be so immune until that state or local law is locally changed as was accomplished in the event of the spouses becoming divorced and the tenancy by entireties thereby severed under the provisions of the Act of 1927 P.L. 884 68 P.S. 501, supra.

The immunity of entireties assets from attachment process for individually contracted debts and from individually claimed exemptions as held in *Napotnik* during the joint lifetimes of the tenants in Pennsylvania is similar to that of the subject matter of the spendthrift and retirement trusts held excluded from entering into or becoming part of the property of a bankrupt estate of a single spouse in the first place by 11 U.S.C. Section 541(c)(2) and the state exemption statutes of particular state in *In the Matter of Turpin*, 644 F.2d 472 (5th Cir.1981); *Matter of Nunnally*, 506 F.2d 1024 (5th Cir.1975), and the concurring opinion in *In re Clark*, 711 F.2d 21 (3d Cir.1983) and the sections permitting it to be exempted therefore are meaningless and superfluous in such states. [See also *In re Threewitt*, 24 B.R. 927 (D.C.Kansas, 1982) and *In the Matter of Larry M. Sawdy*, 49 B.R. 383 (W.D.Pa.1985)].

■ The right of a trustee in bankruptcy to sell his debtor's undivided, contingent interest in entireties property along with that of his co-owner spouse as provided by Section 363(h) can only be accomplished in jurisdictions where it applies when the conditions outlined in Section 363(h)(1)(2)(3) and (4) are found to co-exist and to have been complied with after hearing on notice to interested parties is not before us (query, should the proceeds of sale be partitioned or escrowed in such case?), but only the right of the plaintiff to have its damages to the reposessed entireties assets determined in its pending action against both spouses in the Court of Common Pleas, and we feel it should have that right and that the litigation pending in said court on the date of the bankruptcy filing should be transferred to that court with the obligation on the parties and their attorneys to report the results or any proposed settlement thereof to the Bankruptcy Court for its approval sec. leg.; and that the matter of the plaintiff's right to issue execution against other entireties property of the debtor and his wife on any judgment that may be obtained in said action should be continued with the right of the plaintiff to re-apply to this Court for vacation of stay in relation to such executions in the event and at the time such judgment is obtained if the within case is still pending.

It is so Ordered and it is further Ordered that the time for the filing of a notice of appeal from this Memorandum and Order is hereby extended until twenty days from the date hereof, or until September 19, 1985.