**In the Matter of Joseph J. ROTUNDA, individually and d/b/a K & K Auto Sales, Debtor.**

**R. Perrin BAKER, Esq., Trustee, Plaintiff,**

**v.**

**Joseph J. ROTUNDA, Debtor, Kathleen F. Rotunda, his wife, and Joseph G. Rotunda, Defendants.**

Civ. A. No. 85–280 ERIE.
Bankruptcy No. 84–74 Erie.
Adv. No. 84–88.

United States District Court,
W.D. Pennsylvania.

Dec. 9, 1985.

Michael S. Jan Janin, Erie, Pa., for debtors Joseph J. Rotunda and Kathleen, his wife.

R. Perrin Baker, Erie, Pa., plaintiff trustee.

David M. Mosier, Erie, Pa., for defendant Joseph G. Rotunda.

## OPINION

GERALD J. WEBER, District Judge.

Debtor filed a voluntary Chapter 7 Petition in Bankruptcy on February 14, 1984, in which he listed an interest in real estate held by him and his non-debtor wife as tenants by the entireties. However, by deed executed February 9, 1984 and recorded on the same date as the bankruptcy filing, debtor and his wife conveyed the real estate to debtor's father.

Objections to debtor's discharge were filed, and on May 17, 1984 the debtor voluntarily converted to a Chapter 13 proceeding. The Chapter 13 Trustee has filed a complaint seeking a return of the transferred property to the bankrupt estate pursuant to his avoidance powers under Sections 544 and 548.

The Bankruptcy Judge dismissed the action on the grounds that the debtor's Trustee had no standing to sue. Nevertheless the Bankruptcy Judge noted that there was no question but that the conveyance was made with the full knowledge of the debtor, his wife, and the grantee for the purpose of avoiding the consequences of the bankruptcy filing.

The Trustee has appealed to this court. For the reasons states herein we will reverse the decision of the Bankruptcy Court. 53 B.R. 587.

The Bankruptcy Court's Opinion states, "the interest of a debtor in entireties property during the joint lifetimes of the parties is wholly outside the jurisdiction and control of the bankruptcy court in a proceeding by one of the parties during the lifetime of said spouses." (Memorandum and Order, July 26, 1985, 53 B.R. at 588).

This is contrary to specific provisions of the Bankruptcy Code of 1979 and to the ruling of the Court of Appeals in this Circuit:

> The debtor's estate includes, with exceptions not here relevant, 'all legal or equitable interest of the debtor in property as of the commencement of the case,' 11 U.S.C. § 541(a). This definition is certainly broad enough to include an individual debtor's interest in property held as a tenant by the entirety. *Napotnik v. Equibank*, 679 F.2d 316, 318 (3d Cir. 1982).

■ Even though the property here concerned was not an interest of the debtor at the time of filing, by reason of the debtor and his non-debtor spouse having conveyed the same to debtor's father a few days before the bankruptcy filing, it may become part of the estate:

> More importantly, in the context of this case, § 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983).

Thus if the Trustee can avoid the transfer, as he seeks to do here, the recovered interest becomes property of the estate.

Much of the uncertainty which has developed on this question arises from two sources; the contrary provision of the prior Bankruptcy Act, and the special treatment which is given by Pennsylvania Law to a tenancy by the entireties between husband and wife. Judge Gibbons treats these fully in *Napotnick, supra.*

Debtor's defense must rest upon his election to claim the state exemptions provided for by 11 U.S.C. § 522(b)(2)(B) whereby property held by a Debtor and his non-debtor spouse as tenants by the entireties could be exempted out of the estate by virtue of its status under Pennsylvania law. Sec. 522(b)(2)(B) reads:

> (b) Notwithstanding § 541 of this title, an individual debtor may exempt from property of the estate either—
>
> \* \* \* \* \* \*
>
> (2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

As stated in *Napotnik, supra,* p. 321:

> However, we hold that a creditor with a joint judgment on a joint debt may levy upon the property itself and thus the interests of both spouses.... Because the interests of both are available to the creditors of both, the debtor's interest is not unavailable and thus not "exempt from process" under the law of Pennsylvania.

■ There are three reasons why the claimed exemption should not be allowed:

(1) Section 522(b)(2)(B) governing exemptions is limited to "any interest in property which the debtor had, *immediately before the commencement of the case,* an interest as a tenant by the entireties ...". The evidence produced here shows that debtor's interest as a tenant by the entireties was extinguished five days before the filing of the bankruptcy petition by the conveyance of the property by debtor and his non-debtor spouse.

(2) Section 522(g)(1) of the Code provides:

> Notwithstanding sections 550 and 551 of this title the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551 or 553 of this title, to the extent that the debtor could have exempted property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer by the debtor....

There is no evidence that this was not a voluntary transfer; that issue has not been raised, and the Bankruptcy Court was convinced that it was deliberately transferred in an attempt to avoid the consequences of the bankruptcy proceedings.

(3) It appears to this court that equitable principles should estop the debtor from claiming the exemption, inter alia, the transfer of the property shortly before the bankruptcy filing and the concealment of the transfer in the bankrupt's schedule. While the bankruptcy judge made certain observations on these matters, there was no final decision on the Trustee's action to avoid the transfer because of its decision on the Trustee's standing. The finding of the Bankruptcy Court on remand should determine the weight to be given the equitable considerations here.

The Bankruptcy Court was probably influenced by the traditional protective attitudes of Pennsylvania courts toward that unique estate of a tenancy by the entireties between a husband and wife. However, to the extent that Congress has exercised its authority under the Bankruptcy Clause of the Constitution, that law is supreme and suspends the operation of state law. The Bankruptcy Code makes provisions for the inclusion of entireties interests in the bankrupt estate and covers the conditions under which exemptions may be claimed by reason of state law. This is the supreme law of the land.

For the above reasons the decision of the Bankruptcy Court will be reversed and the case remanded to that court for further proceedings consistent with this opinion.