**In re George A. GOLDMAN, d/b/a George A. Goldman Plumbing & Contracting, Inc., Debtor.**

**Gerald A. RIMMEL, Trustee, Plaintiff,**

**v.**

**George A. GOLDMAN, Phyllis A. Goldman, and Mark Scott Goldman, Defendants.**

**Bankruptcy No. 88–01539–DPM. Adv. No. 88–0184(2).**

United States Bankruptcy Court, E.D. Missouri, E.D.

Jan. 11, 1990.

Deborah Benoit, St. Louis, Mo., for plaintiff.

Newman, Goldfarb, Freyman & Stevens, Richard J. Scheffler, St. Louis, Mo., for Phyllis Goldman.

Michael C. Rose, Kirkwood, Mo., for George Goldman in Dissolution Action.

Norman W. Pressman, St. Louis, Mo., for debtor.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B) & (H), which the Court may hear and determine.

### II. PROCEDURAL AND FACTUAL BACKGROUND

On May 12, 1988, Defendant, George A. Goldman, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On Schedule B–1 accompanying his petition, Goldman listed an ownership interest in real property held by him and his nondebtor wife as tenants by the entireties. The property is located at 1864 Schulte Hill Drive, St. Louis County, Missouri, and is more particularly described as Lot 137 of Creve Coeur Meadows, a subdivision in St. Louis County, Missouri according to the plat thereof recorded in Plat Book 107, pages 86 and 87 of the St. Louis County Recorder's Office. On his Schedule B–4, the Debtor sought to exempt the property

pursuant to § 522(b)(2)(B) of the Bankruptcy Code.

At the meeting of creditors held on June 23, 1988, the Debtor testified that shortly before the filing of his petition, he transferred his interest in the property at issue. The records of the St. Louis County Recorder's Office show that Debtor/Defendant George A. Goldman and his wife, Defendant Phyllis A. Goldman, executed a Quit Claim Deed on May 12, 1988, to transfer the real property located at 1864 Schulte Hill Drive to Defendant Mark Scott Goldman, their son. The deed was recorded on May 20, 1988.

On August 1, 1988, the Chapter 7 Trustee filed an adversary complaint to avoid the transfer pursuant to his powers under 11 U.S.C. § 544 and 11 U.S.C. § 548. In addition, the Trustee objects to the exemption claimed in the real estate under 11 U.S.C. § 522(b)(2)(B). Although the Debtor, in his Schedule B–4, originally had sought to exempt the property as tenant by the entirety, he subsequently informed this Court, through his attorneys, that he would not resist the relief sought by the Trustee, nor would he resist the Trustee's objections to the claimed exemption. Likewise, the transferee, Defendant Mark Scott Goldman, after receipt of proper notice, has declined to participate in these proceedings. In contrast, Defendant Phyllis A. Goldman sought to exempt the home pursuant to § 522(*l*) which permits a dependent of the debtor to "... claim property as exempt from property of the estate on behalf of the debtor...." 11 U.S.C. § 522(*l*). Briefs were filed by Mrs. Goldman and the Trustee, and both joined in a Stipulation of Facts.

## III. DISCUSSION AND ANALYSIS

■ The Bankruptcy Code defines the Debtor's estate to include "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). This definition has been interpreted broadly and includes an individual debtor's interest in property held as tenant by the entirety. *Matter of Rotunda*, 55 B.R. 386 (W.D.Pa.1985), citing *Na-*

*potnik v. Equibank*, 679 F.2d 316, 318 (3d Cir.1982); *In re Townsend*, 72 B.R. 960 (Bankr.W.D.Mo.1987). At the commencement of this case, the Debtor's interest in the tenancy had already been transferred by him and his non-debtor spouse to their son. However, the Debtor's interest in the property may still become part of the estate if the Trustee can avoid the transfer. *See, United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (§ 541(a) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code).

■ The Trustee's ability to avoid the transfer to Mark Scott Goldman is not in dispute. Under 11 U.S.C. § 548(a)(1), the Trustee may avoid any transfer of an interest of the Debtor in property made within one year before the date of filing if the Debtor voluntarily made such transfer with actual intent to hinder, delay, or defraud any entity to which the Debtor was indebted. The Debtor and his non-debtor spouse transferred the property to their son immediately before the Debtor filed his petition with this Court. The Debtor's intent to hinder, delay or defraud may be inferred from the circumstances present in this case, and no evidence has been offered to refute such an inference. Therefore, the Court finds that the Trustee may exercise its avoiding powers under § 548(a)(1) and may recover, for the benefit of the estate, the property from Mark Scott Goldman pursuant to 11 U.S.C. § 550(a).

■ The final issue before the Court is a source of much confusion for the parties. Defendant Phyllis A. Goldman asserts that "[i]f the conveyance is set aside, the property will revert to its status as entireties property and will be exempt from administration by the Trustee." Defendant's brief at p. 5. Similarly, the Trustee asserts that if the transfer is set aside, "the property is then held by George and Phyllis Goldman, as it was before May 12, 1988." Trustee's brief at p. 2. Both briefs concentrate on the treatment of entireties property under

§ 522(b)(2)(B) [1] and applicable Missouri law. Their focus is misplaced, because immediately before the commencement of the case, the Debtor and his spouse conveyed the property to their son. For bankruptcy purposes, the tenancy by the entireties ceased to exist at that point, because after the trustee avoids the transfer, he recovers the transferred property *for the benefit of the estate.* 11 U.S.C. § 550(a). The parties are mistaken when they assume that the property is conveyed back to the Debtor and his wife as tenants by the entireties. *See, In re Nolen,* 40 B.R. 6 (Bankr.M.D. Ala.1984); *In re Leinheiser,* 51 B.R. 164, 166 (Bankr.E.D.Pa.1985).

A number of cases have addressed this issue with reference to 11 U.S.C. § 522(g)(1) [2], which governs exemptions on property recovered by the trustee. In *Matter of Rotunda, supra,* the court disallowed an exemption in property previously held in tenancy by the entireties when the exemption was claimed after the trustee had avoided a fraudulent conveyance of the property. Similarly, a homestead exemption has been disallowed in property recovered by a trustee after a debtor fraudulently conveyed his one-half interest in the property to his wife. *In re Gingery,* 48 B.R. 1000 (D.Colo.1985). It is clear that the Debtor cannot claim an exemption if the transfer was voluntary. "Property fraudulently transferred out of an estate and later recovered by the trustee cannot then be exempted by the debtor." *Redmond v. Tuttle,* 698 F.2d 414, 417 (10th Cir.1983). *See, also,* 3 Collier on Bankruptcy ¶ 522.08[3] (15th ed. 1989).

The plain language of § 522(g) requires that the exemption claimed by Phyllis Goldman be disallowed. The transfer involved was clearly voluntary and this Court is convinced that the property was transferred with the intent to avoid its inclusion in the bankrupt's estate. The transfer extinguished those exemptions that might have been available to the Debtor or his dependents had the property come directly into the estate. Therefore, this Court finds that the Trustee may avoid the transfer of 1864 Schulte Hill Drive by the Debtor and his non-debtor spouse to their son. In addition, the Trustee may recover, for the benefit of the estate, only the Debtor's interest in the property fraudulently conveyed. The Court finds the Debtor's interest to be half of the net proceeds from the sale of the home located at 1864 Schulte Hill Drive. The Debtor's half interest shall be recovered by the Trustee for the benefit of the estate. The Trustee shall pay over to Phyllis A. Goldman the remaining half of the net proceeds. 11 U.S.C. § 363(h) & (j). The Trustee and the Defendants are hereby placed on notice that Phyllis A. Goldman retains the right of first refusal in any sale of the property. 11 U.S.C. § 363(i).

An Order consistent with this Opinion will be entered this date.

## ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED, ADJUDGED AND DECREED that

(1) the conveyance from George A. Goldman and Phyllis A. Goldman to Mark Scott Goldman, dated May 12, 1988 is null and void;

(2) Mark Scott Goldman forthwith shall convey and transfer said property to Ger-

---

1. § 522(b)(2)(B) states:
   (b) Notwithstanding § 541 of this title, an individual debtor may exempt from property of the estate either—
   \* \* \* \* \* \*
   (2)(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

2. Section 522(g)(1) provides:
   Notwithstanding sections 550 and 551 of this title the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551 or 553 of this title, to the extent that the debtor could have exempted property under subsection (b) of this section if such property had not been transferred, if—
   (1)(A) such transfer was not a voluntary transfer by the debtor. . . .

ald A. Rimmel, Trustee of the estate of George A. Goldman;

(3) George A. Goldman claim for exemption in said property is hereby DENIED; and

(4) Phyllis A. Goldman's claim for exemption in the property on behalf of the Debtor is hereby DENIED.